IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**FATHER LASTER**                                                                                            **PLAINTIFF**

v.                                                                                          Civil No. 1:14cv335-HSO-JCG

**BILOXI POLICE DEPARTMENT**
**and CITY OF BILOXI**                                                                               **DEFENDANTS**

### ORDER DISMISSING PLAINTIFF'S COMPLAINT [1] AND AMENDED COMPLAINT [9] WITHOUT PREJUDICE

This matter is before this Court upon its June 12, 2015 Order [16] granting in part and denying in part Defendant City of Biloxi's Motion [12] to Dismiss or in the Alternative to Quash Process and Quashing Process. In the Order, this Court quashed Plaintiff's improper service of process on Defendant City of Biloxi and granted Plaintiff additional time until Monday, July 13, 2015, to perfect service and file the notice of service with the Clerk. Order [16] at 2-3. Plaintiff was cautioned that if he failed to properly serve Defendant City of Biloxi within the time allowed, his case may be dismissed by this Court sua sponte. *Id*. at 3. It appears that Plaintiff has neither served Defendant City of Biloxi nor otherwise shown good cause for his failure to properly effectuate service. After due consideration of the record and all relevant legal authorities, this Court finds that Plaintiff's Complaint [1] and Amended Complaint [9] should be dismissed without prejudice pursuant to Rule 4(m).

I. BACKGROUND

On August 29, 2014, Plaintiff Father Laster ("Plaintiff") filed his Complaint

[1] naming the Biloxi Police Department as Defendant.  Compl. [1] at 1.  Summons [4] was issued for Defendant Biloxi Police Department ("Biloxi Police Department") on October 8, 2014.  On October 14, 2014, Plaintiff filed a Proof of Service [5] which reflected that Plaintiff attempted to serve the Summons on Defendant via certified mail addressed to "Biloxi Police Dept."

On October 30, 2014, John Miller, Director of the City of Biloxi Department of Police, appeared specially and filed a Motion [6] to Dismiss together with a Memorandum Brief [7] in support.  The Motion requested dismissal of the matter and the Memorandum Brief explained that although the "Department of Police is a department existing within the City of Biloxi," the Department of Police "is not a separate legal entity capable of suing or being sued."  Mot. [6] at 1-2; Def.'s Mem. [7] at 1.  Further, the Motion requested that the "summons directed to the Biloxi Police Department" be quashed due to "insufficiency of process and insufficiency of service of process," and that the Biloxi Police Department be dismissed with prejudice for "those reasons along with failure to state a claim." Mot. [6] at 2.  Plaintiff's Response [8] requested that the Biloxi Police Department be appropriately addressed as the City of Biloxi.  Resp. [8] at 1.

On November 6, 2014, Plaintiff filed his Amended Complaint [9] naming Defendant City of Biloxi, and Summons [10] was issued for the City of Biloxi.  On November 10, 2014, Plaintiff filed a Proof of Service [11] which reflected that Plaintiff attempted to serve process on the City of Biloxi by serving via certified mail Ms. Tere R. Steel, an attorney employed by a private law firm that previously

represented John Miller, Director of the City of Biloxi Department of Police. Order [16] at 1; *see* Def.'s Mem. [13] at 2-3.

On November 28, 2014, Defendant City of Biloxi, appearing specially, filed its Motion [12] to Dismiss or in the Alternative to Quash Process together with its Memorandum [13] in Support. In its Motion [12], Defendant City of Biloxi asserted that Plaintiff's attempted service via certified mail to Tere Steel was not proper and should be quashed. Mot. [12] at 1-3. Defendant further maintained that proper service on the City of Biloxi could only be perfected through strict compliance with the requirements set forth in Federal Rule of Civil Procedure 4(j)(2) and Mississippi Rule of Civil Procedure 4(d)(7). *Id*. at 2. In his Response [14], Plaintiff acknowledged that he served Ms. Steel as claimed by the City of Biloxi and appeared to request additional time to serve "the [City of Biloxi] directly." Order [16] at 2.

On June 12, 2015, the Court entered an Order [16] granting in part and denying in part Defendant City of Biloxi's Motion [12] to Dismiss or in the Alternative to Quash Process and Quashing Process. The Court quashed Plaintiff's prior improper service of process on Defendant City of Biloxi and granted Plaintiff additional time until Monday, July 13, 2015, to properly perfect service and file the notice of service with the Clerk. Order [16] at 2-3. The Order clarified that the proper procedure for service was as follows:

> As a municipal corporation, the City of Biloxi must be served as specified by Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(j)(2)(A) and (B).

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> > (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> > (B) serving a copy of each in the manner prescribed by [Mississippi] law for serving a summons or like process on such a defendant.
>
> *Id*. Pursuant to Mississippi law, municipal corporations such as the City of Biloxi must be served personally "by delivering a copy of the summons and complaint to the mayor or municipal clerk of said municipal corporation." Miss. R. Civ. P. 4(c)(3)(A) and 4(d)(7).

Order [16] at 2.

Plaintiff was cautioned that if he failed to properly serve Defendant City of Biloxi within the time allowed, his case may be dismissed by the Court sua sponte. *Id*. at 3. On June 15, 2015, the Acknowledgment of Receipt [17] of Order [16] was filed.[1] It appears from the record that Plaintiff has neither properly served Defendant City of Biloxi nor otherwise shown good cause for his failure to properly effectuate service.

## II.  DISCUSSION

Federal Rule of Civil Procedure 4(m) provides in relevant part that:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that

---

[1] Plaintiff also received a copy of the Court's TEXT ONLY ORDER denying as moot the Motion [6] to Dismiss Biloxi Police Department in light of Plaintiff's Amended Complaint [9], which substituted the City of Biloxi as Defendant. Acknowledgment [17].

service be made within a specified time.  But if the Plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).  Four hundred eleven days have elapsed since Plaintiff filed his Complaint and three hundred forty-two days have elapsed since Plaintiff filed his Amended Complaint.  Plaintiff has failed to properly serve Defendant City of Biloxi nor has he made any effort to show good cause for his failure to do so.  The Court will therefore dismiss Plaintiff's Complaint and Amended Complaint without prejudice pursuant to Rule 4(m).

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Complaint and Amended Complaint will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Complaint and Amended Complaint are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 14th day of October, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE